1

2

3                        UNITED STATES DISTRICT COURT

4                             DISTRICT OF NEVADA

5                                    * * *

6   ALFORNIA SMALL, JR.,                    Case No.: 3:25-cv-00331-MMD-CLB

7                         Plaintiff,                    ORDER

8        v.

    U.S. BANK,
9
                          Defendant.
10

11         *Pro se* Plaintiff Alfornia Small, Jr. filed a motion to proceed *in forma pauperis* ("IFP")

12   (ECF No. 1) and a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. §

13   1983 against U.S. Bank alleging that the bank allowed an unauthorized individual to

14   access his account and carry out fraudulent transactions during his incarceration and now

15   objects (ECF No. 6 ("Objection")) to United States Magistrate Judge Carla L. Baldwin's

16   Report and Recommendation ("R&R"), recommending the Court grant Small's IFP

17   application, dismiss the Complaint without prejudice and without leave to amend, and

18   close this case. (ECF No. 5 at 1, 5-6.) As further explained below, the Court overrules

19   Small's Objection and adopts the R&R in full.

20         The Court "may accept, reject, or modify, in whole or in part, the findings or

21   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

22   timely objects to a magistrate judge's Report and Recommendation, the Court is required

23   to "make a de novo determination of those portions of the [report and recommendation]

24   to which objection is made." *Id.* The Court's review is thus de novo because Small filed

25   his Objection (ECF No. 6).[1]

26

27         _____

    [1]Plaintiff objects to the entire R&R. (ECF No. 6.) However, Plaintiff's Objection is
28   largely unintelligible, so it is unclear to the Court what, specifically, Plaintiff objects to and
    the reasoning behind said objections. The Court will accordingly review the entire R&R.

Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Small is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 5 at 2.) The Court will accept the recommendation without further review because Small received the intended outcome of his application and did not explicitly object to its granting.

Judge Baldwin then screens Small's Complaint. (*Id.* at 3-5.) He seeks in part:

> "I would like my name cleared of any and all wrongdoing. I would like the $703.63 U.S. Bank claims I owe to be erased. I want the $1000.00 I had in my checking and savings account to be returned to me. I would like nominal and compensatory and punitive damages to be awarded to me that the Court deems warranted and justified and equitable…"

(ECF No. 1-1 at 4.)

Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1) without prejudice and without leave to amend because Small fails to meet the requirements under a § 1983 civil rights claim. (ECF No. 5 at 3-5.) The Court agrees.

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and, therefore, "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To prevail on a § 1983 claim, a plaintiff must allege (1) the violation of a federally protected right by (2) a person or official acting under the color of state law. *See Warner*, 451 F.3d at 1067.

Here, Small fails to identify any specific constitutional right allegedly violated by U.S. Bank. (ECF No. 5 at 4.) And even if he had identified such a right, U.S. Bank is not a state actor, nor has it acted under color of state law. (*Id.*) Small asserts in his Objection that "he is being discriminated against" by the Bank and that its staff are "wreaking havoc

on [his] reputation," thereby precluding him from opening a new bank account. (ECF No. 6 at 2.) However, the Court cannot see how the requirements under 42 U.S.C. § 1983 are met and, accordingly, agrees that amendment of the Complaint would be futile.

Moreover, Judge Baldwin explains that, to the extent Small's allegations could be construed as asserting state law claims of negligence or breach of contract, the Court lacks jurisdiction. (*Id.*) Small has not alleged a claim arising under federal law to establish federal question jurisdiction nor has he alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as the amount in controversy[2] falls well below the $75,000 statutory threshold. (*Id.* at 4-5.) Judge Baldwin is therefore correct in her determination that the Complaint fails to assert any federal or state claims that can proceed in this case, so this action must be dismissed. (ECF No. 5 at 5.) Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Having reviewed the R&R de novo, Judge Baldwin did not err.

///

///

///

///

///

///

///

///

///

///

///

///

---

[2]Small alleges that he previously had $1,000 in a checking and savings account with U.S. Bank, which he claims was stolen, and he now owes the Bank over $700. (ECF No. 5 at 3, 5.)

It is therefore ordered that Small's Objection (ECF No. 6) to Judge Baldwin's Report and Recommendation (ECF No. 5) is overruled.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Small's IFP application (ECF No. 1) is granted.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

It is further ordered that the Clerk of Court enter judgment in accordance with this Order and close this case.

DATED THIS 28th Day of August 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE